**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 8, 2010

Charles R. Fulbruge III
Clerk

No. 08-50962
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

YOLANDA BENAVIDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-772-8

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Yolanda Benavidez pled guilty to conspiracy and possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841 and 846. She was sentenced to 240 months of imprisonment on each count, to be served concurrently, and five years of supervised release. On appeal, she challenges her sentence. We AFFIRM.

A defendant's sentence may be enhanced four levels if she was an organizer or leader of a criminal activity that involved at least five people or was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

otherwise extensive. U.S.S.G. § 3B1.1(a). The Guidelines provide a three-level enhancement for a defendant who was a "manager or supervisor (but not an organizer or leader)" of the criminal activity. *Id.* § 3B1.1(b). To distinguish between an organizer or leader and a manager or supervisor, the court should consider the following factors:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*Id.* § 3B1.1, cmt. n.4. Though Benavidez received a four-level sentence enhancement for being an organizer or leader of the drug conspiracy, her sentence was below the advisory range because she was about sixty years old and had significant health problems.

Benavidez argues that the district court misunderstood the actual evidence and relied instead on the Government's vastly exaggerated summary of what the evidence revealed about her role in the conspiracy. She also argues that her sentence is substantively unreasonable.

Our review of a sentencing decision requires us to make our own analysis of the Guidelines and decide whether the district court's application was correct; however, we examine that court's factual findings only for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Applying these standards, we first consider whether the district court committed a significant procedural error. Such error includes establishing a sentence based on clearly erroneous facts. *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is procedurally sound, then we review the sentence's substantive reasonableness for any abuse of discretion. *Id.*

The district court concluded there was "ample evidence to justify" finding that Benavidez was an organizer or leader. The Government stated at

2

sentencing that the evidence supported that she recruited six or seven people who were serving prison sentences. We agree with Benavidez that there was no evidence to support so large a number. She also alleges that the conspiracy was not hierarchical in nature with a chain of command, but was fluid, with each participant coordinating different aspects, and each giving directions and guidance. We do not find clear evidence to support that view.

Based on the Government's mischaracterizations of the evidence, Benavidez argues that the sentence should be vacated and the district court required to resentence her based on a proper understanding of the record. We disagree. Though there were troubling exaggerations by the prosecutor at sentencing, the evidence supported that Benavidez was intimately involved in the coordination of the collection, transportation, and storage of the money. On at least one occasion, she managed the actual delivery of cocaine.

In addition to evidence of actual events, she was described by one co-conspirator as the "main broker" for the organization. Another co-conspirator said he believed Benavidez controlled the drug trafficking and was taking over the business from her mother. Two individuals stated in their debriefings that they received their orders from Benavidez. At least one person received thousands of dollars in payments from Benavidez for participation in the conspiracy. Further, a Drug Enforcement Administration agent testified that Benavidez's primary responsibility was to coordinate getting the money from the drug sales back to Mexico. Benavidez collected and was responsible for large sums of money.

It is true that the evidence is not clear as to the number of people Benavidez recruited into the conspiracy. Benavidez concedes recruiting one person. When sentencing, the district court did not refer to the number of recruits and thus did not indicate giving any particular weight to that evidence. Regardless of that component of her role, the evidence fully supports that Benavidez exercised control or authority over her co-conspirators.

3

The district court did not clearly err in finding that Benavidez was a leader or organizer in her role as the "main broker" with primary responsibility for the money. Someone with major responsibilities on the financial side of a criminal enterprise, who oversees disposition of hundreds of thousands of dollars, meets the requirements for the leadership enhancement under Section 3B1.1(a). *United States v. Fernandez*, 559 F.3d 303, 331-32 (5th Cir. 2009). Benavidez was not required to be the primary leader for this enhancement to apply. It was enough that she had a leadership role. U.S.S.G. § 3B1.1, cmt. n.4; *United States v. Cabrera*, 288 F.3d 163, 175 n.13 (5th Cir. 2002) (more than one person can be a leader).

Because there was no procedural error, we proceed to a review of the substantive reasonableness of the sentence. *United States v. Delgado-Martinez,* 564 F.3d 750, 751 (5th Cir. 2009). Benavidez does not argue that the district court abused its discretion in choosing the extent of the downward variance. She merely argues that the variance may have been greater if the court had known that the facts regarding her role in the offense were incorrect. As we have explained, we do not find any mischaracterizations, which concerned the number of individuals recruited to the conspiracy, to have affected the accuracy of viewing Benavidez as a leader in the criminal conspiracy.

Benavidez has not shown that the district court's selection of a sentence of 240 months of imprisonment was adversely affected by incorrect information. The sentence is substantively reasonable.

AFFIRMED.